NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BRYON TAYLOR, | : | Civil No. 10-4137 (RBK) |
| Petitioner, | : | |
| v. | : | **OPINION** |
| DONNA ZICKEFOOSE, | : | |
| Respondent. | : | |

**APPEARANCES:**

    BRYON TAYLOR, #54386-060
    FCI Fort Dix
    P.O. Box 2000
    Fort Dix, NJ  08640

**KUGLER, District Judge**:

    This matter is before the Court upon Bryon Taylor's Petition for habeas corpus relief, pursuant to 28 U.S.C. § 2241.  Same as his prior petition, see Taylor v. Grondolsky, Civil No. 09-4044 (RBK), Petitioner seeks an order directing the Bureau of Prisons ("BOP") to recalculate his release date and to release him sooner as a result of pretrial conditions of confinement.  For the reasons stated below, the Court will dismiss the Petition.

**I.  BACKGROUND**

    Petitioner is a federal inmate presently confined at the FCI Fort Dix in New Jersey. Petitioner is serving an aggregate 151-month sentence imposed by the United States District Court for the Northern District of Ohio in 2005, based on his guilty plea to Conspiracy to

1

Distribute and to Possess with Intent to Distribute Cocaine Base. See United States v. Taylor, Crim. No. 03-0422 (KMO) judgment (N.D. Ohio May 10, 2005). Petitioner thereafter filed a motion to vacate, set aside, or correct his sentence in the Northern District of Ohio, which Judge Kathleen O'Malley denied on June 18, 2009. Id. docket entry #64.

Petitioner filed the § 2241 Petition presently before this Court on August 12, 2010. Petitioner asserts that he was incarcerated at the Mahoning County Justice Center from his arrest on May 15, 2003, until he was transferred to the Northeast Ohio Correction Center ("NEOCC"), operated by the Corrections Corporation of America, in September 2004. He alleges that he was incarcerated at NEOCC for eight and one-half months, from September 2004 through May 2005. He alleges that the conditions of incarceration at these facilities were so poor that they imposed punishment without due process of law, contrary to the Fifth Amendment, and cruel and unusual punishment, in violation of the Eighth Amendment. "In consideration of the violation to the Petitioner's Eighth Amendment rights, [Petitioner] is requesting that this Court would grant a two for one credit for the days the Petitioner served at the Mahoning County Justice Center (Jail) and the U.S. Marshal holdover facility at the Northeast Ohio Corrections Center also located in Youngstown, Ohio. The Petitioner was incarcerated at these two facilities for a period of twenty-four and a half (24 ½) months." (Docket Entry #1 at pp. 10-11.)

Petitioner states that he exhausted administrative remedies available within the BOP by submitting an administrative remedy request to the Warden, appealing the Warden's decision to the Regional Director, and appealing the Regional Director's decision to the Central Office, which denied the claim on May 11, 2010, as follows:

> This is in response to your Central Office Administrative Remedy
> in which you request additional Good Conduct Time (GCT), based

> on the conditions of your confinement at the Mahoning County Jail and the Northeast Ohio Correctional Center.
>
> Our review found your sentence has been correctly computed. On February 4, 2004, you were sentenced in the United States District Court for the Northern District of Ohio to 46 months incarceration for your conviction of Felon in Possession of a Firearm. On April 27, 2005, you were sentenced in the same federal court to a concurrent 151 month sentence of incarceration for your conviction of Conspiracy to Distribute Cocaine Base. Your aggregate sentence is 13 years, 9 months, and 17 days. You have been awarded 38 days prior custody credit, and you are projected to earn 649 days of GCT. Your projected release date is January 9, 2016.
>
> The Bureau of Prisons (Bureau) awards GCT in accordance with Title 18 U.S.C. § 3624(b). There are no provisions in this statute to allow the award of additional GCT credits based on the conditions of your incarceration.
>
> Accordingly, your appeal is denied.

(Docket Entry #1, p. 6.)

## II.  DISCUSSION

A.  Standard of Review

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). Habeas Rule 2(c) requires a § 2254 petition to "specify all the grounds for relief available to the petitioner," "state the facts supporting each ground," "state the relief requested," be printed, typewritten, or legibly handwritten, and be signed under penalty of perjury. 28 U.S.C. § 2254 Rule 2(c), applicable to § 2241 through Rule 1(b). Habeas Rule 4 requires a judge to sua sponte dismiss a § 2254 petition without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C. § 2254 Rule 4, applicable to § 2241 through Rule 1(b). Thus, "Federal courts are authorized to dismiss summarily any habeas petition that

3

appears legally insufficient on its face." McFarland, 512 U.S. at 856.  Dismissal without the filing of an answer or the State court record has been found warranted when "it appears on the face of the petition that petitioner is not entitled to relief." Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); see also McFarland, 512 U.S. at 856; United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

B.  Jurisdiction

Section 2241 of Title 28 of the United States Code provides in relevant part:

> The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

To the extent that Petitioner challenges the term of incarceration imposed by the United States District Court for the Northern District of Ohio, this Court lacks jurisdiction under § 2241. Petitioner's § 2241 petition challenging his federal sentence may not be entertained in this Court unless a motion to vacate the sentence under 28 U.S.C. § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255.[1]  See In re Dorsainvil, 119 F.3d 245, 251

---

[1] Specifically, paragraph five of § 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255, ¶ 5.

(3d Cir. 1997).  A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002); see also Dorsainvil, 119 F. 3d at 251.  "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.  The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." Cradle, 290 F.3d at 539.  In this case, because the sentencing court could have entertained Petitioner's request to reduce his 151-months sentence on the basis of the allegedly deplorable conditions of Petitioner's pretrial confinement in the Ohio facilities, § 2255 is not inadequate or ineffective to challenge Petitioner's detention.  See United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954).

      To the extent Petitioner seeks an order modifying a previously imposed sentence under 18 U.S.C. § 3582(c), this Court similarly lacks jurisdiction over the claim under § 2241 because it is not the sentencing court.  "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to a statutory authorization." United States v. Smartt, 129 F. 3d 539, 540 (10th Cir. 1997) (quoting United States v. Mendoza, 118 F. 3d 707, 709 (10th Cir. 1997)).  The Sentencing Reform Act specifies that a court may not modify a term of imprisonment once it has been imposed, except a sentencing court may do so under extremely  limited circumstances.  See 18 U.S.C. § 3582(c).  See United States v. Higgs, 504 F. 3d 456, 464 (3d Cir. 2007) (section 3582(c) limits the jurisdictional authority of sentencing

courts to entertain a motion for reduction of sentence); United States v. Smartt, 129 F. 3d 539, 541 (10th Cir. 1997) ("Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the [sentencing] court lacked jurisdiction to consider Mr. Smartt's request").  To the extent Petitioner seeks to challenge or modify the sentence itself, this Court will dismiss the Petition for lack of jurisdiction.

C.  BOP's Calculation of Sentence

To the extent that Petitioner challenges the final decision of the BOP dated May 11, 2010, denying his administrative remedy request seeking additional credit based on the conditions of confinement at Mahoning County Jail and Northeast Ohio Correctional Center, this Court has subject matter jurisdiction over the claim.  However, this Court will dismiss the Petition because the BOP did not abuse its discretion in denying Petitioner's request for additional credit on the basis of allegedly deplorable conditions of presentence confinement.  See Carter v. Southerland, Civ. No. 09-4919 (RBK), 2010 WL 1325659 (D.N.J. March 31, 2010) (denying § 2241 petition seeking order directing BOP to award petitioner two for one credit against his federal sentence for presentence incarceration under allegedly harsh conditions of confinement).

### III.  CONCLUSION

For the reasons set forth above, this Court will dismiss the Petition.


s/Robert B. Kugler
**ROBERT B. KUGLER, U.S.D.J.**


Dated:    February 22   , 2011